IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION


CHARLES HARRELL                                           PETITIONER


vs.              Civil Case No. 2:09CV00139 HLJ


T. C. OUTLAW, Warden,
FCI, Forrest City, Arkansas                               RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

    1.  Why the record made before the Magistrate Judge is inadequate.

    2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325


### DISPOSITION

    Charles Harrell, an inmate of the Federal Correctional Complex at Forrest City, Arkansas, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging an incident report he received on July 21, 2009, for failure to provide a urine sample for testing when he arrived at a Residential Reentry Center (RRC) in Macon, Georgia, and his resulting transfer from the RRC to the facility in Forrest City.  He states he had been transferred

2

to the RRC to complete the community-based aftercare component of a drug abuse program offered by the Bureau of Prisons (BOP), which would have qualified him for a reduction in his sentence under 18 U.S.C. § 3621(e), and an earlier release from prison.

He alleges in his petition he was unable to provide a urine sample because he is 64 years old, and he has an enlarged prostate. He states he has offered to provide a hair follicle sample for testing to demonstrate he has not consumed any drugs at any time, but the BOP has refused to utilize the test to analyze his hair follicles.   Petitioner  admits  he  has  not  completed  the administrative appeal process regarding the incident report, but he argues there was insufficient time to complete it before "suffering the  irreparable  injury  of  losing  a  portion  of  the  sentence reduction incentive authorized by 18 U.S.C. § 3621(e)."   Petition (DE #1) at 3.

In response (DE #7), Respondent has submitted the declaration of  James  D.  Crook,  Supervisory  Attorney  at  the  United  States Department of Justice, Federal Bureau of Prisons Consolidated Legal Center in Oklahoma City, Oklahoma, who states Petitioner appeared before the Center Discipline Committee (CDC) on July 23, 2009. Petitioner stated at the hearing he only urinates once every eight hours due to a prostate problem, but a subsequent review of his medical records failed to support his claims.   A memo from Paul Chaney, Staff Representative, attached to the Declaration states

3

Chaney and the CDC Committee found no indications or reports of a prostate cancer diagnosis or treatment for prostate problems in his records.  Previous to the incident, Petitioner signed a statement acknowledging the rules governing urinalysis requirements.  The CDC found Petitioner guilty, and he was removed from the RRC and returned to FCC Forrest City.  He also lost ten days of good conduct time.

Respondent argues the petition should be dismissed because Petitioner has not exhausted his administrative remedies.  The federal writ of habeas corpus is "an extraordinary remedy" limited to "cases of special urgency," and where the challenge is to the actions of prison authorities, it is only available after "administrative procedures which provide a real possibility for relief have been exhausted."  Willis v. Ciccone, 506 F.2d 1011, 1014-15 (8th Cir.1974);  United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir.2000).  Under 28 C.F.R. § 542.10(a), 542.13-542.15, a petitioner must first present an issue of concern informally to prison staff, and ultimately to the warden of the prison.  If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director within twenty days.  If he is unsuccessful, he may appeal to the General Counsel within thirty days of the date the Regional Director signed his response.

Respondent also argues prison disciplinary records indicate Petitioner received (1) advance written notice of the disciplinary

4

charges; (2) an opportunity, consistent with correctional goals and safety, to call witnesses and present a defense; and (3) a written statement of the evidence relied upon by the fact finder and the reasons for the disciplinary action," and that "some evidence" supports the decision by the disciplinary committee, as required by Superintendent v. Hill, 472 U.S. 445, 454 (1984). The CDC report, attached to Crook's affidavit, also indicates the disciplinary hearing officer reviewed the hearing records, supported the CDC's decision, and certified the hearing. Respondent contends the CDC was justified in finding Petitioner violated the terms of his placement in an RRC when he failed to submit the urine sample.

In his reply (DE #10), Petitioner states he never received a copy of the incident report, despite requests by him on September 1 and September 8, 2009, and he was told the copy of the report had not arrived at the institution. On September 12, 2009, he submitted an appeal, a Request for Administrative Remedy (BP-9), in which he requested the acquisition of the paperwork from the half-way house be expedited. Plaintiff's Exhibit C, attached to Reply (DE #10). His appeal was rejected because he did not attach the incident report. Plaintiff's Exhibit D, attached to Reply (DE #10).

Respondent has submitted a response (DE #11) to Petitioner's reply, and he has attached a second declaration, dated November 24, 2009, in which Mr. Crook states Petitioner's "administrative remedy

appeal of the relevant incident report was accepted (ACC) on October 21, 2009," as evidenced by an attachment.  Mr. Crook further states that, as of that date, Petitioner had not completed the requisite administrative appeals process.  Petitioner has submitted a reply (DE #12), but he does not dispute that his appeal has been accepted for review.

It appears Petitioner's appeal of the incident report complained of in this petition has been accepted for review and the appeal process is on-going.  I therefore find Petitioner has not exhausted his administrative remedies and the petition must be dismissed.  All pending motions are denied.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed without prejudice for failure to exhaust.

SO ORDERED this 16th day of March, 2010.

*Henry L. Jones, Jr.*
_____
United States Magistrate Judge